JAMES E. ...
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

2007 NOV -7  AM 9: 37

U.S. D...  ...URT
SOUTHE... DIS ' OHIO
WEST DIV ...HATI

| | |
|---|---|
| TOYOTA JIDOSHA KABUSHIKI KAISHA also doing business as TOYOTA MOTOR CORPORATION (a Japanese Corporation) and TOYOTA MOTOR SALES, U.S.A., INC. (a California corporation) <br><br> Plaintiffs <br><br> vs. <br><br> STANLEY PARTNERS, LLC doing business as ALEXUS DEVELOPMENT LLC (an Ohio Limited Liability Company) and ALEXUS PROPERTIES, LLC (an Ohio Limited Liability Company) <br><br> Defendants | Civil Action No. 1:07-CV0578 <br><br> Judge Beckwith |

## FINAL JUDGMENT

There being no genuine issues of fact or law in dispute between the parties; all matters in this civil action having been settled; and this action being in condition for entry of Final Judgment, it is

ORDERED, ADJUDGED AND DECREED that:

(1)    This Court has jurisdiction of the subject matter and the parties under § 39 of the Federal Trademark Act, 15 U.S.C. § 1121, and the Judicial Code, 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

(2)    Plaintiff Toyota Jidosha Kabushiki Kaisha, also doing business as Toyota Motor Corporation ("Plaintiff TMC"), is the owner of the trade name LEXUS and the marks LEXUS and LEXUS & Design, alone and in combination with other wording, for automobiles and structural parts and accessories therefor, and related automobile repair and maintenance services, and is the owner of U.S. Trademark Registration Nos. 1,574,718,   1,675,339,   1,739,201,   1,814,753,   1,834,147,   1,871,549,   2,851,110, 2,852,290, 2,899,728, 2,925,515 and 3,168,149 of said marks, among others.

(3)    Plaintiff TMC and it subsidiary Plaintiff Toyota Motor Sales, U.S.A., Inc. ("Plaintiff TMS") have the exclusive right to use the trade name LEXUS and the marks LEXUS and LEXUS & Design, alone and in combination with other wording, in the State of Ohio and in interstate commerce.

(4)    The marks LEXUS and LEXUS & Design, alone and in combination with other wording, and Registration Nos. 1,574,718, 1,675,339, 1,739,201, 1,814,753, 1,834,147, 1,871,549, 2,851,110, 2,852,290,  2,899,728, 2,925,515 and 3,168,149 are each valid, subsisting and enforceable as against Defendants.

(5)    The mark LEXUS had become famous and entitled to a broad ambit of protection against dilution and infringement prior to Defendants' actions complained of in this civil action.

(6)    Defendants'  use  of  trade  names  and  service  marks  ALEXUS DEVELOPMENT   and   ALEXUS   PROPERTIES   and   the   domain   name <www.alexusdevelopment.com> in the identification, advertising, promotion and rendering of residential real estate development services is likely to dilute the distinctive qualities of the famous mark LEXUS and is likely to cause confusion as to the source

- 2 -

and/or sponsorship of Defendants and their businesses.

(7)     Effective December 31, 2007, Defendants and each of their respective agents, employees, servants, successors and assigns, and all others in privity or acting in concert therewith, are hereby permanently enjoined from:

(a)     Using the trade names and service marks ALEXUS DEVELOPMENT and ALEXUS PROPERTIES, the domain name <www.alexusdevelopment.com>, and/or any other trade name, trademark, service mark, corporate name, domain name, or other commercial identification that consists of or includes ALEXUS or any other word that is confusingly similar to the mark LEXUS, alone and/or in combination with other words, letters and/or symbols; and

(b)     Otherwise diluting the distinctiveness of or infringing the federally registered marks LEXUS and  LEXUS & Design.

(8)     On or before December 31, 2007, Defendants are directed to:

(a)     Destroy all existing signage, promotional or other printed materials in their possession, custody or control which bear or otherwise display the trade names and service marks ALEXUS DEVELOPMENT and ALEXUS PROPERTIES,  the domain name <www.alexusdevelopment.com>, and any other name or mark that includes ALEXUS and/or the word LEXUS;

(b)     Transfer the domain name <www.alexusdevelopment.com> to Plaintiff Toyota Motor Sales, U.S.A., Inc.;

- 3 -

(c)     Amend any corporate name and/or limited liability company name that includes the word ALEXUS to delete said word, and concurrently therewith forward true and correct copies of the papers effecting such amendments to counsel for Plaintiffs; and

(d)     Forward written requests to the publishers of all telephone, online and other directories in which the trade name ALEXUS DEVELOPMENT, the trade nameALEXUS PROPERTIES and/or the domain name <www.alexusdevelopment.com> is listed, requesting the deletion of said listing(s) and concurrently therewith forward true and correct copies of such written requests to counsel for Plaintiffs.

(9)     All claims pleaded by Plaintiffs against Defendants other than the claim for prohibitory and mandatory injunctive relief granted by ¶¶ (7) and (8) of this Final Judgment and all counterclaims which Defendants, as a matter of right, could have pleaded against Plaintiffs, or either of them, are hereby dismissed with prejudice with each party to bear its own costs and attorneys' fees.

(10)    This Final Judgment shall be binding upon Plaintiffs and Defendants and each of their respective officers, agents, servants, employees, attorneys, and successors and assigns, and upon those persons in active concert or participation with them who receive actual notice thereof by personal service or otherwise.

(11)    The Court shall retain jurisdiction of this civil action and the parties to resolve any issues arising of any claim of violation of or noncompliance with this Final Judgment and/or the Agreement between the parties in settlement of this civil action. In

- 4 -

the event that any restraining order or preliminary injunction is granted in Plaintiffs' favor in connection with any violation of or noncompliance with this Final Injunction, Plaintiffs shall not be required to post any security bond.

(12)    In accordance with § 34 of the Federal Trademark Act, 15 U.S.C. § 1116, the Clerk of the Court shall notify the Commissioner of Patents and Trademarks of the entry of this Final Judgment who shall enter it upon the records of the Patent and Trademark Office.

DONE AND ORDERED, at Cincinnati, Ohio, this 6ᵗʰ day of _November_, 2007.

_____
Hon. Sandra S. Beckwith
United States District Judge

- 5 -

Plaintiffs, through their undersigned counsel, and Defendants hereby consent to

the entry of the foregoing Final Judgment and waive any and all rights of appeal.

TOYOTA JIDOSHA KABUSHIKI
KAISHA, also doing business as
TOYOTA MOTOR CORPORATION, and
TOYOTA MOTOR SALES, U.S.A., INC.

By: _____
G. Jack Donson, Jr.
Kevin W. Kirsch (pro hac vice
application pending)
Taft Stettinius & Hollister, PLC
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Tel. (513) 381-2838
Fax (513) 281-0205

and

Alan S. Cooper
Nancy S. Lapidus
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 783-8000
Fax: (202) 383-6610

Attorneys for Plaintiffs

STANLEY PARTNERS, LLC, doing
business as ALEXUS DEVELOPMENT
LLC

By: _____

Title: _____

ALEXUS PROPERTIES, LLC

By: _____

Title: _____

- 6 -